IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRAINSTORM INTERACTIVE, INC.,

                  Plaintiff,              OPINION AND ORDER

v.

                                              14-cv-50-wmc

SCHOOL SPECIALTY, INC.,

                  Defendant.

Before the court is a motion by defendant School Specialty, Inc. to strike four out of five experts named by plaintiff Brainstorm Interactive, Inc., for failing to provide written reports as required by Federal Rule of Civil Procedure 26(a)(2)(B).[1] (Dkt. #59.) In response, Brainstorm argues that these four experts were exempt from any obligation to produce a written report because they have not and will not be paid and, therefore, are not "retained" experts within the scope of Rule 26(a)(2). (Pl.'s Opp'n (dkt. #73).) For the reasons that follow, the court will grant in part and deny in part School Specialty's motion.

BACKGROUND

Plaintiff served its Rule 26(a)(2) expert disclosures on Friday, September 19, 2014. The four-page disclosure identifies five, individual experts: David Zasada, Mike Kroening, Brad Lindaas, Dan Saldkus, and Robert Williams. (Declaration of Jennifer L. Gregor ("Gregor Decl."), Ex. A (dkt. #60-1) p.2.) The report provides a "summary of

---

[1] As explained below, the fifth expert is David Zasada, Brainstorm's principal, and the parties agree that Zasada need not provide a written report as required under Rule 26(a)(2)(B).

facts and opinions," all relating to damages to which all five experts will provide testimony. (*Id.* at pp.2-5.) Attached to the report are two "quotes" from Williams and a proposal for the production of an interactive quiz game from Saldkus. (*Id.* at pp.6-14.)

Among other things, Rule 26(a)(2)(B) requires a party to provide a timely, detailed written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." In particular, the report "must contain":

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). In contrast, "if the witness is not required to provide a written report," the party need only disclose:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). The requirements of both Rule 26(a)(2)(B) and (C) are mandatory. *See Davis v. Delap*, No. 10-cv-674, slip op. at 2 (W.D. Wis. Oct. 3, 2011) (dkt. #58) ("A party does not get to pick and choose between the requirements of Rule 26(a)(2)(B) and Rule 26(a)(2)(C) based on what is convenient to him. If plaintiff has engaged the services of an expert, then plaintiff must not only disclosure the name of his expert, he also must provide the defendants with a written report prepared by the expert witness and signed by the expert witness.").

While plaintiff's September 19, 2014, submission satisfies the disclosure requirements for those experts who need not file a report under Rule 26(a)(2)(C), it plainly fails on several grounds to meet the more rigorous report requirements laid out in Rule 26(a)(2)(B). Plaintiff contends that all four, non-employee expert witnesses in dispute were exempt from Rule 26(a)(2)(B) because those witnesses have not and will not be paid, and therefore are not "retained." In support of that position, plaintiff points to dictionaries that define "retain" as "to keep in one's pay or service." (Pl.'s Opp'n (dkt. #73) p.2 n.1.) Plaintiff argues that Kroening, Lindaas, Saldkus and Williams do not meet this definition since all are volunteering their services to plaintiff.[2]

---

[2] While the experts agreed to testify without compensation (at least from plaintiff), Saldkus and Williams both acknowledged at their depositions that they are hopeful that they will be awarded projects if Brainstorm is successful in the litigation. (Def.'s Reply (dkt. #79) 3.) Despite this further concession, the court will analyze plaintiff's disclosure obligations as if no compensation will occur.

OPINION

I. **Disclosure Requirement**

Plaintiff's reading of the requirements of Rule 26(a)(2)(B) is curious on a number of levels. Even under dictionary definitions, one may be retained for "pay *or* service." (Pl.'s Opp'n (dkt. #73) 2 (citing Merriam-Webster, "retain," *available at* http://www.merriam-webster.com/dictionary/retain) (emphasis added).) Here, there is no dispute that each of the witnesses have agreed to provide ongoing service. (Declaration of David Zasada (dkt. #74) ¶ 4 (stating that each expert has agreed "to provide testimony for Brainstorm voluntarily").)

More fundamentally, however, plaintiff's reading runs counter to all cases considering whether the report requirement turns on whether an expert is paid for his or her services, including cases considering it after the 2010 amendment.[3] Consistent with these cases, "retained or specially employed" includes experts who were recruited to testify without the promise of monetary compensation. *See, e.g.*, *Innogenetics, N.V. v. Abbott Labs.*, 578 F. Supp. 2d 1079, 1089 (W.D. Wis. 2007), *reversed on other grounds*, 512 F.3d 1363 (Fed. Cir. 2008) (rejecting argument that expert need not provide written report because he was not compensated for his work); *Beane v. Utility Trailer Mgs. Co.*, No. 2:10 CV 781, 2013 WL 1344763, at *4 (W.D. La. Feb. 25, 2013) (concluding plaintiff misread Rule 26(a)(2)(C) in asserting that she need not provide reports because

---

[3] Plaintiff attempts to discredit some of the cases cited by defendant as pre-dating the 2010 Amendment. (Pl.'s Opp'n (dkt. #73) 2.) Critically, the 2010 Amendment did not add the written report requirement; rather, that amendment clarified the necessary disclosure for those experts not required to submit a written report.

4

the experts were not "actually hired or retained"); *see generally* 6 James Wm. Moore, *Moore's Federal Practice* § 26.23[2][a][i] ("[C]ourts have ruled that a party is not exempt from the disclosure and report requirement for a witness who will give expert testimony simply because the witness is not monetarily compensation. It is the nature of the testimony rather than the compensation that determines whether a witness is exempt from the disclosure and report requirements.").

The reason for the written report requirement was perhaps best explained by Judge Crabb in *Innogenetics* when presented with the same argument as plaintiff asserts here,

> [t]he purpose of Rule 26 is to make discovery easier, faster and more efficient, as well as to avoid surprises at trial. It does not advance this purpose to withhold the kind of report that opposing counsel needs in order to conduct an informed deposition or cross examination of a witness, even if the witness is willing to testify without charge for reasons of his own.

578 F. Supp. 2d at 1089.

Stated another way, the report requirement does not turn on whether the expert agrees to offer his or her services without compensation, at least monetary compensation; rather, the application of Rule 26(a)(2)(B) depends on the expert's relationship to the issues in the lawsuit and whether his or her relationship developed prior to the commencement of the lawsuit. For example, Rule 26 does not require reports for experts, often treating physicians, who have an "incidental relationship with the facts." *See CMFG Life Ins. Co. v. RBS Securities, Inc.*, No. 12-cv-037-wmc, 2013 WL 4483068, at *20

5

(W.D. Wis. Aug. 19, 2013);[4] *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011) ("Interpreting the words 'retained or specially employed' in a common-sense manner, consistent with their plain meaning, we conclude that as long as an expert was not retained or specially employed in connection with the litigation, and his opinion about causation is premised on personal knowledge and observations made in the course of treatment, no report is required under the terms of Rule 26(a)(2)(B).").

Even the case cited by plaintiff in support of its definition of "retained" links the Rule 26(a)(2)(B) report requirement to the proposed expert witness's development of testimony independent of the litigation. (Pl.'s Opp'n (dkt. #73) 4 (citing *B.H. ex rel. Holder v. Gold Fields Mining Corp.*, No. 04-CV-0564-CVE-PJC, 2007 WL 128224, *1 (N.D. Okla. Jan. 11, 2007).) In *B.H. ex rel. Holder*, the court concluded that the expert need not provide a Rule 26(a)(2)(B) report because he was not "called to give any opinion outside of the scope of scientific research he has already conducted independently of this litigation." *Id.* at *1. While the court acknowledged that "evidence that a party was not paid to testify suggests he was not retained, this fact alone is not dispositive of the issue." *Id.* at *3. Instead, the "key factor" is "how plaintiffs' counsel

---

[4] In *CMFG*, this court also noted the burden on experts of complying with Rule 26(a)(2)(B) report, but noted that the burden is "considerably lessened when the expert has agreed to be retained and to be paid for his or her time." *CMFG*, 2013 WL 4483068, at *21. The court made this statement with the understanding that most retained experts *are* paid for their services. Here, it is not clear what arrangement plaintiff made in securing these experts. To the extent, plaintiff's counsel assured these four experts that their duties would be limited to testifying at trial, that advice was short-sighted at best.

initially formed a relationship with the witness, such as whether the witness was asked to reach an opinion in connection with specific litigation." *Id.*

Even under this generous definition, here, except for a few topics of proposed testimony by Williams and Saldkus which appear to involve knowledge separate from this litigation, these four experts are "retained" within the meaning of Rule 26(a)(2)(B). As such, plaintiff was required to provide a report in full compliance with Rule 26(a)(2)(B) for all of Kroening's and Lindaas' testimony and most aspects of that of Saldkus's and Williams'.

II. **Appropriate Sanction under Rule 37**

Accordingly, the court must consider whether the appropriate sanction is striking those disclosures as defendant requests. A party who fails to comply with Rule 26(a)(2) is generally not allowed to introduce the expert witness's testimony as "evidence on a motion, at a hearing, or at a trial." *See* Fed. R. Civ. P. 37(c)(1). The exclusion of the witness's testimony is "automatic and mandatory" unless the offending party can establish that the violation of Rule 26 was either "justified or harmless." *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir. 2005) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). In addition to excluding the report, the court may also: (1) "order payment of the reasonable expenses, including attorney's fees, caused by the failure;" (2) "inform the jury of the party's failure;" and (3) "impose other sanctions" described in Rule 37. Fed. R. Civ. P. 37(c)(1).

Plaintiff argues that its position was justified in light of the limited case law on the issue and the fact that courts have not grappled specifically with the meaning of "retained" outside of the context of treating physicians. While the case law on whether a Rule 26(a)(2)(B) report is required may be somewhat limited, *all* of the cases cited by the parties are consistent in defining the critical factor as the expert's relationship with the litigation, not whether the expert receives compensation. Moreover, none of the cases cited by this court above considered whether a lack of monetary compensation shielded a treating physician from providing a report. *See Innogenetics, N.V.*, 578 F. Supp. 2d at 1089 (striking expert testimony of patent applicant); *Beane*, 2013 WL 1344763 at *1 n.5, *4 (striking testimony of nine witnesses, none of whom were treating physicians).

Within a few days of receiving plaintiff's expert disclosures, defendant alerted plaintiff of its obligations to provide expert reports. (Gregor Aff., Exs. B, D (dkt. ##60-2, 60-4).) Still, plaintiff utterly refused to comply or to seek guidance from this court. (Gregor Aff., Exs. C, G (dkt. ##60-3, 60-6.) Such an aggressive position has consequences. In the face of this record and the case law uniformly rejecting plaintiff's position, the court cannot conclude that plaintiff's position was justified.

A district court may exercise its considerable discretion in determining whether an untimely disclosure of expert testimony was harmless, but should consider the following four factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David*, 324 F.3d at 857. While defendant was prejudiced by plaintiff's

failure to provide reports as required under Rule 26(a)(2)(B), that prejudice (at least in terms of preparing for trial) was largely ameliorated by defendant's decision to depose all four of the experts in dispute, all of which have now been concluded. Moreover, while plaintiff's position was too clever by half, the court does not find bad faith on the part of plaintiff or its counsel.

The court will not strike plaintiff's expert disclosure in light of these findings, but it will require plaintiff to compensate defendant for its reasonable attorney's fees and costs of deposing the four experts, including those fees defendant agreed to pay the experts for their time in being deposed. All of those costs may have been avoided had defendant been able to rely on the witnesses' expert opinions and their foundation as set forth in written reports.[5] For those four experts, the testimony at trial will also be limited to those topics described in the 4-page September 19, 2014, disclosure *and* for which the expert provided testimony during his deposition.

If plaintiff finds these sanctions too steep with respect to one or more of its experts, plaintiff may withdraw its expert disclosure for Kroening and/or Lindaas or file an amended disclosure for Saldkus and/or Williams limited to the topic or topics for which these two experts acquired knowledge independent of this lawsuit, *and* deduct the cost of that expert's deposition from the amount to be paid to defendant. Regardless of which option plaintiff takes, the court also awards defendant its reasonable attorney's fees and costs in bringing this motion to strike.

---

[5] Of course, it is *possible* that defendant may have felt obliged to take one or more of these depositions even with the expert reports, but any uncertainty results from plaintiff's failure. Accordingly, plaintiff will bear the cost.

ORDER

IT IS ORDERED that:

1) defendant School Specialty, Inc.'s motion to strike plaintiff's expert witness disclosures (dkt. #59) is GRANTED IN PART AND DENIED IN PART as described above;

2) by November 17, 2014, plaintiff shall file a letter with the court indicating which of the two options described above it takes; and

3) by December 1, 2014, defendant shall submit its request for fees and costs associated with the four depositions (if applicable) and in bringing this motion to strike; plaintiff may have until December 15, 2014, to file any response to that request.

Entered this 10th day of November, 2014.

BY THE COURT:


/s/
_____
WILLIAM M. CONLEY
District Judge